IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA CALVIN FISHBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-791-D |
| | ) | |
| STATE OF OKLAHOMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Bernard M. Jones, to whom this 42 U.S.C. § 1983 action was referred for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). It appears upon the filing of the Complaint, Plaintiff was in the custody of the Payne County Detention Center in Stillwater, Oklahoma. [Doc. No. 1].

Appearing *pro se,* Plaintiff asserted that his constitutional rights had been violated; however, the Complaint contained no factual allegations nor any claims for relief. Further, Plaintiff did not pay the $400 filing fee or submit an Application for Leave to Proceed *In Forma Pauperis*. In a July 26, 2017 Order, Judge Jones directed Plaintiff to cure the deficiencies by August 16, 2017. [Doc. No. 4]. Plaintiff failed to comply, and the Order to Cure Deficiency was returned to the Court as undeliverable. [Doc. No. 5].

On August 17, 2017, Judge Jones filed his Report [Doc. No. 7], recommending that Plaintiff's action be dismissed without prejudice to refiling. Specifically, Judge Jones

noted that Plaintiff had failed to comply with the provisions of 28 U.S.C. § 1915(a)(2) and the Court's Local Rules.

In his Report, Judge Jones advised Plaintiff of his right to object and directed that any objection be filed on or before September 7, 2017. Judge Jones further advised Plaintiff that any failure to object would result in waiver of the right to appellate review. The deadline for filing objections has passed. To date, Plaintiff has not filed objections and has not sought an extension of time in which to do so. The Court notes that the record reflects the copy of the Report mailed to Plaintiff was returned with the notation that he is no longer at the address provided to the Court. [Doc. No. 8].

Local Rule 5.4(a) expressly provides that a *pro se* litigant must file a change of address form when he moves, and the responsibility of the Court and the opposing parties is limited to mailing pleadings to a *pro se* litigant's last known address. LCvR 5.4(a). Material mailed by the Court to the last known address furnished by the *pro se* litigant is deemed delivered. *Id. See also* FED. R. CIV. P. 5(b)(2)(C) (service complete upon mailing to person's last known address). To date, Plaintiff has not filed a change of address form or otherwise informed the Court of his new address. *See* LCvR 5.4(a).

The Court agrees with Judge Jones that Plaintiff's failure to inform the Court of his current address or correct the deficiencies warrants dismissal of this case without prejudice. Pursuant to FED. R. CIV. P. 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. The Tenth Circuit has "consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 Fed. Appx. 915,

916-917 (10th Cir. May 16, 2012) (unpublished)[1] (internal quotation marks omitted), *citing Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *see also AdvantEdge Bus. Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal without prejudice warranted as sanction for failure to prosecute or for failure to comply with local or federal procedural rules); *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (dismissal appropriate where party disregards court orders and fails to proceed as required by court rules).

Accordingly, Judge Jones' Report and Recommendation is ADOPTED as though fully set forth herein. This action is dismissed without prejudice to the filing of a new action. A judgment shall be issued forthwith.[2]

IT IS SO ORDERED this 13th day of August 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

[2] The initial filing by Plaintiff of separate, similar actions led to some internal confusion and delay in the processing of the present case. The Court apologizes for the delay in issuing this Order and has taken steps to guard against such processing errors in the future.